**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 22 B 02769 |
| HOPE R. BLEGEN, | CHAPTER 13 |
| | JUDGE: JACQUELINE P. COX |
| DEBTOR | |

## NOTICE OF MOTION

Please take notice that on June 12, 2023 at 9:00 am., I will appear before the Honorable Judge JACQUELINE P. COX, or any judge sitting in the judge's place, **either** in Courtroom 680, Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604, **or** electronically as described below, and present the motion of trustee to modify plan, a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or by telephone.

> **To appear by video**, (1) use this link: https://www.zoomgov.com/ (2) Enter the meeting ID 1612732896. (3) Enter the passcode 778135.
> **To appear by telephone**, (1) call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. (2) Enter the meeting ID 1612732896. (3) Enter the passcode 778135.
> **When prompted identify yourself by stating your full name.**
> **To reach Judge Cox's web page** go to www.ilnb.uscourts.gov and click on the tab for Judges.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

.

/s/ Thomas H. Hooper
Thomas H. Hooper
Chapter 13 Trustee
55 E. Monroe St., Suite 3850
Chicago, IL 60603
(312) 294-5900

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 22 B 02769 |
| HOPE R. BLEGEN, | CHAPTER 13 |
| | JUDGE: JACQUELINE P. COX |
| DEBTOR | |

## TRUSTEE'S MOTION TO MODIFY PLAN

Now comes Thomas H. Hooper, Chapter 13 Trustee, pursuant to § 1329(a) of the Bankruptcy Code moves this Honorable Court for an order modifying Debtor's confirmed plan, and in support thereof states as follows:

1. The court has jurisdiction of this proceeding pursuant to 28 USC § 1334 and this is a core proceeding pursuant to 28 USC § 157(b).

2. The Debtor filed a voluntary petition, schedules, and proposed plan under chapter 13 of the Bankruptcy Code on March 10, 2022.

3. Thomas H. Hooper is the chapter 13 trustee appointed to administer the instant case.

4. The Debtor's chapter 13 plan was confirmed on May 2, 2022.

5. The Debtor's plan as confirmed provides for the claim of CAF in section 3.3. Specifically, the plan instructs the Trustee pay a claim secured by Debtors' 2016 Ford Explorer.

6. The non-governmental claims bar date ran on May 19, 2022.  CAF has failed to file a proof of claim, nor has a claim been filed on its behalf under Fed. R. Bankr. P. 3004.

7. The Trustee asserts that, notwithstanding past jurisdictional custom[1], a creditor must have an allowed proof of claim to receive disbursements under a confirmed chapter 13 plan.  See *In re Pajian*, 785 F. 3d 1161 (7th Cir. 2015) (stating that "[a] creditor must file a proof of claim in order to participate in Chapter 13 plan distributions.").

---

[1] Upon information and belief, past practice in this jurisdiction has been for all secured creditors addressed in the confirmed plan to receive disbursements, regardless of whether an allowed claim had been filed.  It is unclear whether that practice has been reevaluated in the wake of *Pajian* in 2015 or following amendments to Fed. R. Bankr. P. 3002 in 2017.

8. This mandate is buttressed by a reading of Fed. R. Bankr. P. 3002(a), which requires that, subject to certain exceptions not applicable to the case at bar, "[a] secured creditor, unsecured creditor, or equity security holder must file a proof of claim or interest for the claim or interest to be allowed…"

9. Fed. R. Bankr. P. 3021 instructs the Trustee to make post-confirmation disbursements to those creditors "whose claims have been allowed."

10. Requiring a proof of claim to be filed as a condition precedent to a creditor receiving distributions under a confirmed chapter 13 plan has practical administrative considerations. Specifically, a creditor is required to attach documentation in support of its claim, including the writing on which it is based and evidence of perfected security interest. Fed. R. Bankr. P. 3001(c)(1) and (d). Such documentation is required to properly evaluate the classification and validity of the purported claim.

11. Because CAF does not have an allowed claim in the case *sub judice*, the Trustee asserts that it may not share in distributions under the confirmed plan.

12. Accordingly, the Trustee prays for an order denying distribution to CAF under the confirmed plan and authorizing funds earmarked for the claim of CAF to be disbursed to holders of other allowed claims.[2]

WHEREFORE, the Trustee requests that this Court enter an Order modifying the chapter 13 plan to deny distribution to CAF under the confirmed plan, authorizing funds earmarked for the claim of CAF to be disbursed to holders of other allowed claims, and for any other relief deemed just and proper under the circumstances.

DATED: May 16, 2023                                              /s/Thomas H. Hooper
                                                                 Thomas H. Hooper
                                                                 Chapter 13 Trustee
                                                                 55 E. Monroe St., Suite 3850
                                                                 Chicago, IL 60603
                                                                 (312) 294-5900

---

[2] Should this Court be inclined to grant the relief requested in the instant motion, the Trustee would request that the order be stayed for at least fourteen days to afford the Debtor and/or Creditor the opportunity to file an allowed proof of claim.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was mailed to the following interest parties who have not been electronically notified by first class mail on May 16, 2023.

Hope R. Blegen, **Via First Class US Mail**
3481 Regent Dr
Palatine, IL 60067

The Semrad Law Firm, LLC, **Via ECF**
11101 S. Western Ave.
Chicago, IL 60643

CAF, **Via First Class US Mail**
Attn: Officer/Managing Agent
225 Chastain Meadows Ct., Suite 210
Kennesaw, GA 30144

Patrick S Layng, **Via ECF**
Office of the U.S. Trustee, Region 11
219 S. Dearborn St, Room 873
Chicago, IL 60604

/s/ Thomas H. Hooper
Thomas H. Hooper
Chapter 13 Trustee
55 E. Monroe St., Suite 3850
Chicago, IL  60603
(312) 294-590

.